### HEINER v. DIAMOND ALKALI CO.
### No. 4428.

Circuit Court of Appeals, Third Circuit.

April 9, 1931.

Louis E. Graham, U. S. Atty., and John A. McCann, Sp. Asst. U. S. Atty., both of Pittsburgh, Pa. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for appellant.

Maynard Teall, William A. Seifert, William Wallace Booth, and Smith, Shaw, McClay & Seifert, all of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge.

The question before us is, whether certain income and profits taxes for 1917 were collected in violation of the statute of limitations.

The taxes for 1916 and 1917, which were returned in 1918, were duly paid. In 1924, additional taxes of over $6,000 were assessed for 1916, and over $600,000 for 1917. Plaintiff filed a claim in abatement, which, in 1927, was rejected as to the 1916 taxes; the 1917 taxes being reduced to $269,451.93.

In May 1927, the plaintiff, under protest, paid these taxes and brought this suit to recover them back. The court entered judgment for the plaintiff for the amount of its claim, with interest, from which this appeal is taken.

It is now conceded by the appellee that the tax and interest for 1916 were lawfully collected, and that the judgment appealed from must be reduced by that amount.

The right to recover the 1917 taxes, with interest, is the question to be determined. That question must be answered by determining whether section 611 of the Revenue Act of 1928 (26 USCA § 2611) applies to the facts of this case. If so, the plaintiff can not recover.

The controlling facts of the case are these: Beginning in 1922, the plaintiff filed four different waivers as to assessment and collection of the 1917 taxes. Afterwards, on February 1, 1924, it filed another, being the last of such waivers. This waiver was signed by the commissioner on February 11, 1924, and expired on March 25, 1925. The plaintiff also filed numerous protests and briefs beginning on April 6, 1924, and extending to September 10, 1926, for the purpose of persuading the commissioner that the additional taxes and interest for the years 1916 and

1917, should either be greatly reduced, or not collected at all. Through this procedure, the plaintiff succeeded in greatly reducing the amount of the additional taxes assessed for 1917.

The sections of the Revenue Act of 1928, namely, sections 607, 611, and 612 (26 USCA §§ 2607, 2611, and § 2612 note), are relevant, and determinative of the question here. Section 1106 (a) of the Revenue Act of 1926 (26 USCA § 1249 note), by which the statute of limitations against the United States in respect to any internal revenue tax, not only barred the remedy, but extinguished the liability, was repealed by section 612 of the act of 1928. Sections 607 and 611 must be read together, as the latter modifies the former. By section 607, any tax assessed and paid (whether before or after the enactment of the act), after the expiration of the period of limitation properly applicable thereto, shall be considered an overpayment and shall be credited or refunded to the taxpayer, if claim therefor is filed within the period of limitation for filing such claim.

Section 611 relates to claims which are stayed by a claim in abatement. The section reads as follows: "If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

The claim in question here seems to come squarely within the provisions of section 611. The tax in question was assessed prior to June 2, 1924, within the period of limitation (as extended by the waivers), properly applicable thereto; and a claim of abatement was filed and the collection of a part thereof was stayed. It therefore follows that the payment of such part, although made before the enactment of the act, cannot be considered as an overpayment under the provisions of the section.

The collection of the tax being legal, judgment should have been entered in favor of the defendant.

The judgment is reversed, with directions to proceed in accordance with opinion.